Frances v Klein (2024 NY Slip Op 05049)

Frances v Klein

2024 NY Slip Op 05049

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Index No. 151000/20 Appeal No. 2806 Case No. 2024-02347 

[*1]Benjamin Frances, Plaintiff-Respondent,
v
Juda Klein et al., Defendants-Appellants.

Smith Gambrell & Russell, LLP, New York (Daniel S. Goldstein of counsel), for appellants.
Virginia & Ambinder, LLP, New York (Jack L. Newhouse of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered March 19, 2024, which, to the extent appealed from, granted plaintiff's motion for leave to reargue and, upon reargument, vacated so much of an order, same court and Justice, entered on or about March 28, 2023, as granted defendants' motion for summary judgment dismissing the cause of action seeking damages under Labor Law § 193(1), unanimously modified, on the law, to reinstate so much of the March 28, 2023 order as dismissed the cause of action seeking damages under Labor Law § 193(1), and otherwise affirmed, without costs.
Defendants established their entitlement to summary judgment dismissing plaintiff's Labor Law § 193(1) cause of action, as a wholesale withholding of payment does not constitute a "deduction" within the meaning of Labor Law § 193 (Perella Weinberg Partners LLC v Kramer, 153 AD3d 443, 449 [1st Dept 2017]; see also Kanthan v Tagstone Tech., LLC, 224 AD3d 593, 593 [1st Dept 2024]; Vergara v Mission Capital Advisors, LLC, 200 AD3d 484, 485 [1st Dept 2021]). Thus, the bonus that plaintiff was negotiating with his employer does not qualify as a nondiscretionary wage defendant failed to pay him. Moreover, we reject plaintiff's contention that the bonus under negotiation qualified as a term and condition of plaintiff's employment. On the contrary, plaintiff's employment agreement covered, as part of his job description, the assignment for which he sought additional compensation (cf. Ryan v Kellogg Partners Inst. Servs., 19 NY3d 1, 5-7, 16 [2012]).
Although the Legislature amended the statute under the No Wage Theft Loophole Act to provide for "no exception to liability" under § 193 "for the unauthorized failure to pay wages, benefits or wage supplements" (L 2021, ch 397, §§ 2-3, adding Labor Law § 193[5]), the Act does not apply retroactively (see Kanthan, 224 AD3d at 593; Perella Weinberg Partners, 226 AD3d at 524). Plaintiff also has no separate claim under Labor Law § 198, as that statute simply provides the remedies available to an employee who prevails under a substantive provision of Labor Law article 6 (see Kanthan, 224 AD3d at 593).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024